AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 8:24-mj-1132-SPF |
| Mirtza Ocana | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 5, 2024__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 31 USC 5332 | Bulk Cash Smuggling |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Victor Valentin, DHS/ICE
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 2/5/2024

*Judge's signature*

City and state: Tampa, FL          SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT
## OF CRIMINAL COMPLAINT

I, Victor Valentin, after being duly sworn, depose and say as follows:

1. This affidavit is being submitted in support of a Criminal Complaint charging Mirtza OCANA with Bulk Cash Smuggling, in violation of 31 U.S.C. § 5332.

2. I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been so appointed since September of 2010. I am presently assigned to the HSI Tampa Office in the Middle District of Florida. My duties as an HSI Special Agent include investigating and enforcing the laws enumerated in Titles 8, 18, 21, and 31 of the United States Code. In my training and experience, it is a federal crime for an individual to conceal more than $10,000 on her person and/or in any article of luggage while traveling from a place outside the United States to a place within the United States. When traveling into the United States from another country, travelers are required to "declare" to United States Customs and Border Protection certain money and property, to include cash in excess of $10,000.

3. This affidavit does not contain all of the information pertaining to this investigation; rather, it is limited to facts sufficient to establish probable cause in support of the Criminal Complaint. I have personally participated in this investigation described below and am familiar with the information contained in this affidavit through my personal knowledge and information learned from others during the course of this investigation. The word "agent" is used in this affidavit to

denote any federal, state, or local law enforcement officer involved in the investigation.

## PROBABLE CAUSE

4. On February 5, 2024, at approximately 10:50 a.m., agents assigned to the HSI Tampa office, along with Customs and Border Protection Officers, were conducting inbound inspections of international flights arriving at Tampa International Airport. While conducting passenger and luggage inspections of a flight originating from the Republic of Cuba, HSI SAs encountered Mirtza OCANA (OCANA), a United States citizen.

5. During the encounter, HSI SAs asked OCANA if she had anything to declare and OCANA said that she did not. HSI SAs also asked OCANA if she had more than $10,000 on her person and OCANA said that she had about $10,000 she made from the sale of a house in Cuba. HSI SAs asked her again if she had more than $10,000 dollars and OCANA confirmed that she did not.

6. During an inspection of her luggage, agents recovered approximately $30,000 in bulk cash concealed in three different wrapped packages. Based on the inconsistency between her declaration and the cash recovered from her luggage, agents advised OCANA of her *Miranda* rights and interviewed her. After being told of her *Miranda* rights, OCANA agreed to speak with agents.

2

7.  During the post-*Miranda* interview, OCANA admitted she had been smuggling United States currency into the United States from the Republic of Cuba since about June of 2023, and took an estimated 2-3 trips per month for this purpose. She was paid between $1,000 to $2,500 per trip. A subsequent review of flight records revealed 45 flights to Cuba beginning on or about May 29, 2023. When asked if she knew that bringing bulk cash into the United States without reporting it is illegal, OCANA confirmed that she did.

8.  Following this interview, agents asked if she had any more cash and she replied that she did not. During a search of her person, agents recovered an additional approximately $70,000 in bulk cash. In total, agents recovered approximately $100,000 in cash from OCANA and her luggage.

9.  Based upon the information contained in this affidavit, I submit there is probable cause to believe Mirtza OCANA knowingly concealed more than $10,000 with the intent to evade a currency reporting requirement in violation of 31 U.S.C. § 5332.

/
/
/
/
/
/
/
/
/

Victor Valentin, Special Agent
Homeland Security Investigations

Sworn and attested before me by telephone in accordance with Federal Rule of Criminal Procedure 4.1(a) this 5th day of February, 2024.

SEAN P. FLYNN
United States Magistrate Judge

4